SULLIVAN v. SULLIVAN MANUFACTURING COMPANY.

1. Under the decision of this case on a former appeal (20 *S. C.*, 92) the statutory liability of the directors of the defendant corporation for its debts, did not attach to the note sued on, which was a renewal and consolidation of other items of antecedent indebtedness; the directors in office when such indebtedness was created were liable, and not the directors in office at the date of the consolidation. But that case did not decide the facts as to a note consolidated into the note sued on, which was itself a consolidation of antecedent indebtedness. This court, however, concurred with the finding below, that it, too, was a mere renewal and not payment.

2. The directors' liability, where not barred, was upon the original notes creating the liability, according to their terms; and therefore the directors were not liable for a high rate of interest stipulated in the consolidated note.

Before HUDSON, J., Greenville, April, 1884.

The opinion states the case. The Circuit decree was as follows:

This case was heard before me on the report of the master, to whom it was referred by the decree of Judge Pressley, herein, of date September 28, 1882, to take testimony and report as to

what items of debt and their respective dates were consolidated in the note of October 16, 1876, being the note for eight thousand and eight dollars and twenty-seven cents, herein sued on, and also to report who were the directors of the Sullivan Manufacturing Company at the time each debt was contracted. The master in his report gives each item of indebtedness from the beginning, showing the different consolidations and renewals down to the note now in question. The plaintiff's counsel contend that the note for $3,852.52 was a payment of the pre-existing notes and constituted a new contract, especially where the former notes were payable to different parties.

I have carefully examined the opinion of the Supreme Court and the decree of Judge Pressley, and in the light of these decisions, I am satisfied that the position of the plaintiff's counsel is not tenable. Judge Pressley held that this legal note was made up of a series of notes. He says: "I find that the company is indebted to the plaintiff in the sum of eight thousand and eight dollars and twenty-seven cents, on the note dated October 16, 1876, with interest at ten per cent. from December 25, 1876." He thus fixes the liability of the company; but he further says: "The directors have pleaded the statute of limitations, and my judgment is that the statute runs in their favor from the time the several debts were contracted. There is no sufficient proof before me as to the exact date of the several contracts which were consolidated in the said note of October 16, 1876." He therefore refers it to the master to ascertain and report the items of debt and their respective dates, and who were directors at the time each debt was contracted. He has thus found, in substance, that the pre-existing notes have not been paid by the giving of the new notes.

Now, the very question here made before me was made and fully argued, and the Supreme Court was asked on the appeal to enlarge Judge Pressley's order. The plaintiff's second ground of exception was: "Because every new note given by the defendant, the Sullivan Manufacturing Company, was a new debt created in satisfaction of an anterior existing debt or debts, and not a mere renewal of the same, especially when the anterior debt or debts were due to strangers and the notes representing the same

were delivered up to the said defendant." From the printed arguments used in the Supreme Court and submitted to me, it appears that this exception was argued before that court. They sustain Judge Pressley's decree in every particular. He had sufficient testimony before him to satisfy him that the intention of the parties, which is to govern in all such cases, was consolidation or renewal and not payment, and so found.

I am therefore satisfied that I have not the right, even if I desired to do so, to disturb that which has been settled by these decisions. It is *res adjudicata.* But even if it was an open question and not *res adjudicata,* I should still hold that the new notes were renewals, and not payment of the pre-existing debts. The question is simply one of intention, and the *onus probandi* is on the plaintiff who alleges payment. Yet I am satisfied from an inspection of the different notes themselves, with the endorsements thereon, and from the concurring testimony of the plaintiff and defendants on this point, that the intention of the parties was renewal and not payment, and that the various small notes were consolidated into the large one merely for convenience. Some of the debts which entered into the consolidation were payable to outside parties, and that is the strongest view which can be taken of plaintiff's position. But even that would not justify the conclusion that the debts were paid by the consolidation and new debts created. The treasurer or other financial officer of the company could not thus shift the liability of the directors. They were liable only for the debts which were contracted, or which fell due, during their term of office, and even though the form of the debt was changed, the same liability existed. The liability could not be thus shifted from one set of directors to another set. Such is my construction of the 29th section of the statute.

This suit was instituted on February 17, 1880, and therefore all debts contracted prior to February 17, 1874, are barred. It is, then, simply a question of calculation. The testimony and the report of the master show what notes were renewed and their respective amounts and dates, and who were the directors at said dates. It is only necessary to calculate the amount of each note not barred, according to its tenor, up to the maturity of the large

note, and the interest on each amount thus ascertained up to date at ten per cent. per annum. This will furnish the amount on each note, for which the directors are respectively liable. I find the following notes and due bills which are not barred according to the principles enunciated in this decree, and I number them according to the enumeration set forth in the master's report, to wit: * * *

I further find that George W. Sullivan, sr., George W. Sullivan, jr., and D. Dunklin Moore were the directors during the time the obligations numbered 16 and 17 were contracted and became due, and that George W. Sullivan, sr., and George W. Sullivan, jr., were the directors at the time the obligations numbered 13, 14, and 15 were contracted and became due. I further find that the obligations reported by the master, and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, respectively, are barred by the statute of limitations.

It is therefore ordered and adjudged, that the plaintiff have judgment against the defendants, George W. Sullivan, sr., George W. Sullivan, jr., and D. Dunklin Moore, for the sum of thirty-five hundred dollars and eighty-five cents, and against the defendants, George W. Sullivan, sr., and George W. Sullivan, jr., in the further sum of twenty-six hundred and seventy-six dollars and twenty-two cents. It is further adjudged, that the plaintiff recover of the defendants the costs of this case on Circuit, except as hitherto adjudged; as to any costs on appeal incurred, this court adjudges nothing in relation thereto now.

*Messrs. Perry & Perry* and *J. H. Whitner*, for plaintiff.

*Messrs. M. F. Ansel* and *G. G. Wells*, contra.

March 8, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff brought the action below on a note for $8,008.27, dated October 16, 1876, and bearing interest at 10 per cent. per annum. The note was under seal and was given by the defendant company. Judgment was demanded on this note against the company, and the plaintiff also sought judgment thereon against the defendants, directors of

said company, under certain provisions of a certain act of the legislature, which it was alleged in the complaint made the directors liable. The plaintiff also prayed that the corporation be dissolved, that a receiver be appointed, and that an assignment made by the company be set aside as fraudulent and void. These latter prayers, however, are not now involved, having been adjudicated and disposed of on a previous appeal from a decree of Judge Hudson. *Sullivan* v. *Sullivan Manufacturing Co.*, 17 *S. C.*, 588. After this the case came before his honor, Judge Pressley, who, considering the matters left open by Judge Hudson, gave judgment against the company for the note and interest mentioned above, and also for an open account amounting to $1,432.-98, claimed in the complaint. He also authorized judgment against the defendants, G. W. Sullivan, sr., and G. W. Sullivan, jr., for the amount of the account, it being in proof that these defendants were directors during the year this account was contracted. As to the liability of the directors for the large note, *supra*, he found as matter of fact, that this note was made up by the consolidation of previous notes and indebtedness of the company combined into one, which was the note in question, and that the liability of the directors was not upon the note, but attached to the different items embraced in the consolidation, the directors for the years in which the original items respectively were contracted being liable, subject to the statute of limitation, which was plead, and he referred it to the master as to what items of debt and their respective dates were consolidated in said note, and who were the directors at the time each item of debt was contracted. This decree on appeal was affirmed by this court, 20 *S. C.*, 92.

The case was then remanded, and the master proceeded to make the inquiry ordered, and having reported the various items, amounts, and dates embraced in the consolidated note, with the names of the directors in office when these several items were consolidated, Judge Hudson, after eliminating such debts as were barred by the statute, ordered and adjudged that the plaintiff have judgment against the defendants, Geo. W. Sullivan, sr., Geo. W. Sullivan, jr., and Dunklin Moore, for $3,500.85, and against Geo. W. Sullivan, sr., and Geo. W. Sullivan, jr., $2,676.22.

From this decree both parties have appealed: the plaintiff, "I.

Because his honor erred in ruling that, under the Circuit decree of Judge Pressley, as affirmed by the Supreme Court, all the points involved in plaintiff's position were *res adjudicata*.    II. Because his honor erred in ruling that even if the matters in plaintiff's position was an open question, under the evidence, the note for $3,852.52 was a renewal of pre-existing debts, rather than a payment thereof, and a new debt of the said company for which the directors then in office were liable, according to the terms of said note.''    The defendants (Sullivans) appealed: ''Because his honor allows interest against them as directors at the rate of 10 per cent. from the maturity of the large note sued on; whereas they claim that the interest should have been computed in accordance with the terms of the several demands for which they were found liable.''

The first exception of plaintiff is very general and fails to raise in itself any separate and distinct legal proposition applicable to the case.    It complains that his honor ruled that all of the points involved in plaintiff's position were *res adjudicata*, but it is not stated what legal points were involved.    We suppose, however, from the terms of the second exception, and from what is said by Judge Hudson in his decree, that the error alleged, and complained of, is in reference mainly, if not altogether, to the $3,-852.52 note, and we have directed our attention to that.    The plaintiff's counsel contended before his honor, Judge Hudson, that whether that note was a payment of pre-existing notes consolidated constituting a new debt, or simply a renewal, was an open question, which they urged should be determined in favor of payment, and therefore that the directors were liable upon it as a new debt.    The judge ruled to the contrary: first, because he held that the question was *res adjudicata* by the former decree of Judge Pressley, affirmed by this court (20 *S. C.*, *supra*); and secondly, because upon the evidence it was intended as a renewal.

There is no doubt but that this court in the previous appeal (20 *S. C.*, 93) affirmed the decree of Judge Pressley.    What was that decree?    What was its proper construction? is the real question before us.    The plaintiff had sued upon a large note, amounting to $8,008.27, given by the company, upon which he. prayed judgment not only against the company, but against the

directors. Judge Pressley found and held that this note was a consolidation of previous indebtedness of the company, as a renewal and not the creation of a new debt, and therefore that the directors could not be liable on the note; but he held further, that the directors who were in office at the time of the creation of the debts which made up the large note sued on by the consolidation, were respectively liable therefor, subject to the plea of the statute, and he ordered the master to report as to said items, their dates, and the names of the directors then in office. All this this court affirmed, and all this, therefore, is *res adjudicata.*

It is contended, however, that the note of $3,857.52, now under consideration, which was consolidated into the $8,008.27 note, was itself a consolidation of other and previous notes, and that such being the fact, that plaintiff was not precluded by the decree of Judge Pressley from showing that, as to that note, its consolidation was not renewal, but payment of the previous notes consolidated, and therefore a new debt for which the directors then in office were liable. The principle laid down by Judge Pressley, and upon which his decree was based, was that where consolidation was intended as a renewal of the notes consolidated and not payment, that the previous notes were not extinguished, and in a case of this kind, that the liability of the directors, which existed on the consolidated items, at the time of the consolidation, would still remain, without regard to the renewal note. No doubt he supposed that the items in the large note were made up of original indebtedness, and therefore the master would not go behind these items.

He knew nothing of the fact that some of these items might themselves be consolidations. He did not in his order, therefore, direct the master to inquire whether one or more of these items consolidated into the large note, were themselves made up of previous indebtedness, and if so, whether such consolidation was intended as payment or renewal. Nor did this court, in affirming his judgment, make any ruling on that precise point. We affirmed the principle, to wit, that a mere renewal consolidation did not create a new liability on the directors, and impliedly, that a consolidation intended as payment, and amounting to payment of the previous debts, would be the creation of a new debt,

for which the directors then in office might be held responsible. Under this principle, we think that either party had the right to make the question of payment or renewal as to the $3,852.52 note, below. In other words, that note, not having been before the court previously, nor any inquiry made in reference to its basis, the question of the application thereto of the principle laid down had not been determined so as to be *res adjudicata.*

But we do not see at last how this can benefit the plaintiff, because we concur in the judgment of the Circuit Court upon the other ground. We think with the Circuit Judge, that the preponderance of the evidence sustains the finding that the note in question was a renewal and not payment, and therefore that defendants, directors, had the right to go back to its several items. This disposes of the plaintiff's appeal.

As to the defendants, we think it was error to charge them with interest on each note not barred up to the maturity of the large note, and the interest on the amount thus ascertained up to date at 10 per cent. per annum. The directors, in our view, were not liable for any portion of the large note, principal or interest. Their liability, under the decree of Judge Pressley, had been determined to rest on the notes consolidated, and the plaintiff was thrown back upon them, and his recovery against the directors must be upon them according to their terms.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, except as to the interest mentioned. Let the case be remanded so that the judgments rendered may be corrected accordingly.